# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1891.

## M. R. MEENTS
v.
## GEORGE REIKEN.

*Sales—Partial Delivery—Abandonment.*

In an action based on a contract for the sale of a quantity of corn, a portion thereof only having been delivered, this court holds, in view of the evidence, that after such delivery said contract was abandoned by mutual consent, and declines to interfere with the judgment for the defendant.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. C. H. PAYSON and R. W. HILSCHER, for appellant.

Messrs. C. F. SMITH and MORRIS, HOOPER & DONOVAN, for appellee.

LACEY, P. J.   This was a suit by appellant against appellee based on a contract for the sale of 2,000 bushels of No. 3 corn claimed by the former to have been sold by the latter to him

at a stipulated price of thirty cents per bushel, to be delivered the 20th of May, 1890, the contract said to have been made on the 8th day of May, 1890. On this contract appellee delivered 857 bushels of corn about the last of May, which was settled for between the parties. The appellant claimed that there had been an extension of time for the delivery of the corn for an indefinite time, but the corn was to be delivered whenever the appellee desired or as soon as he could.

The balance of the corn was never delivered, but sold by appellee to another firm, July 29, 1890. The market price at that time as claimed by appellant was thirty-nine cents per bushel for No. 3 corn; but appellee testifies he got thirty-two cents per bushel. The appellee did not deny the sale of the corn on the trial, but insisted and so testified, that after delivering the 857 bushels of corn on the contract the contract was annulled and abandoned by mutual consent between them, and they settled up their matters in full. This appellant denied. It is insisted that the verdict, which was in appellee's favor, was against the weight of the evidence. After a full examination of the evidence we are fully satisfied that the jury were warranted in finding for the appellee on the issue of abandonment of the contract, as it would no doubt have been if it had found for appellant. The testimony of appellee was to the effect that there was an abandonment, and that of appellant that there was none, and neither party was corroborated to any extent on that issue, so the jury were at liberty to find either way, as it might deem the evidence of the one or the other the most reliable.

It is objected that the court erred in instructing the jury that the burden of proof was on appellant to show the extension of time for the delivery of the corn. This, as is admitted, was only an incident, and made but little or no difference if the contract were abandoned by mutual consent. We think there was no error in thus instructing the jury, as this was the contention and theory of the case upon which appellant expressly relied for recovery; he therefore must prove it, and show the modification of the contract as asserted by him in his evidence offered by himself. It is feared by appellee's

counsel, that inasmuch as the instructions of the court, given orally by agreement, failed to tell the jury on which side the burden of proof was as to abandonment, the jury might infer it was on the appellant to show the contract was not abandoned. We think there is no substantial ground for this complaint; besides, if appellee had desired any such instruction he should have asked the court to give it, which the court no doubt would have done.

We see no error in the record and the judgment is therefore affirmed.

*Judgment affirmed.*